SCHOOL COMMITTEE OF WILMINGTON *vs.* TOWN ACCOUNTANT OF WIL-MINGTON. January 31, 1985. *School and School Committee,* Budget. *Municipal Corporations,* Municipal finance.

The town accountant of Wilmington issued a memorandum stating that the school committee (the committee) must submit to her by June 10, 1983, all purchase orders which it proposed to have charged against its budget for the town's fiscal year 1983. The committee's business manager promptly took the position that G. L. c. 71, § 34, as amended through St. 1981, c. 782, § 14 (see the appendix to this rescript), gave the committee authority "to determine expenditures within the total appropriation" by the town.

The town accountant, on June 17, 1983, replied that, unless the committee could demonstrate to her that the purchases for which orders had been submitted to her in the next prior week had been "included in the FY 1983 [school] [b]udget when it was presented and appropriated at the . . . [t]own [m]eeting of April, 1982," she would "have no alternative but to charge them to the FY 1984 budget."

The committee brought this action in the nature of mandamus to compel the town accountant to charge all purchase orders delivered to her during the fiscal year 1983 to the fiscal year 1983 budget. The complaint also sought declaratory relief.

A Superior Court judge allowed the committee's motion for summary judgment. The order declared that the committee was "authorized to spend sums appropriated for its fiscal year 1983 budget on items which will be used by the . . . schools in later fiscal years" and ordered that the town accountant "charge all purchase orders delivered to her office by the . . . [c]ommittee during the fiscal year 1983 to the" budget of that year. We interpret this as meaning that, if the funds appropriated for the schools for

fiscal year 1983 were spent or encumbered in that fiscal year, they were to be charged to the 1983 appropriation. Other consistent relief was granted. The town accountant has appealed.

1. The judge correctly ordered summary judgment on the basis of the plain meaning of the italicized language of § 34, as quoted in the Appendix. In connection with Proposition 2½, so called, St. 1980, c. 580, § 7, was enacted by initiative action at the State election in 1980. See *Massachusetts Teachers Assn.* v. *Secretary of the Commonwealth,* 384 Mass. 209, 220-221 (1981). The language of § 7 was modified by St. 1981, c. 471, which added the second and third sentences in the first paragraph of § 34 as quoted in the Appendix, and by St. 1981, c. 782, § 14, which added the second paragraph of § 34 (as so quoted). The 1981 amendments include all the emphasized language of § 34. We perceive nothing in *Superintendent of Schools* v. *Mayor of Leominster,* 386 Mass. 114 (1982) (or in G. L. c. 41, § 56; c. 44, § 56; c. 70, § 6; or c. 71, § 38N and § 49A), which would require a different interpretation of § 34 from that reached by the trial judge. Any modification of the consequences of the emphasized language must be sought from the Legislature.

2. In view of our decision, we need not decide whether the committee, for purposes of this motion for summary judgment, see Mass.R.Civ.P. § 56, 365 Mass. 824 (1974), properly conceded that the purchase orders delivered in May and June of 1983 were for items needed and to be used in fiscal year 1984. This sensible concession obviously simplified and expedited the discussion in the Superior Court. See *Johnston* v. *Holiday Inns, Inc.,* 595 F.2d 890, 895 (1st Cir. 1979); 10A Wright & Miller, Federal Practice and Procedure, § 2720 (1983 & Supp. 1984).

*Judgment affirmed.*

APPENDIX.

General Laws, c. 71, § 34, as amended through St. 1981, c. 782, § 14, provides:

"Every . . . town shall annually provide an amount of money sufficient for the support of the public schools as required by this chapter, provided, however, that no . . . town shall be required to provide more money for the support of the public schools than is appropriated by vote of the legislative body of the . . . town. In acting on appropriations for educational costs, *the . . . town appropriating body shall vote on the total amount of the appropriations requested and shall not allocate appropriations among accounts or place any restriction on such appropriations.* The . . . town appropriating body may make nonbinding monetary recommendations to increase or decrease certain items allocating such appropriations.

*The vote of the legislative body of a . . . town shall establish the total appropriation for the support of the public schools, but may not limit the*

authority of the school committee to determine expenditures within the total appropriation." (Emphasis supplied).

*Alan Altman,* Town Counsel, for the defendant.

*William H. Baker* for the plaintiff.

*Austin Broadhurst,* for Massachusetts Association of School Committees, Inc., amicus curiae, submitted a brief.

*Stuart DeBard,* for Association of Town Finance Committees, amicus curiae, submitted a brief.

*Michael J. Long,* for Massachusetts Association of School Superintendents, Inc., amicus curiae, submitted a brief.